IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MAURICE JACKSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil No. 3:12-cv-00960-GPM-DGW |
| | ) |
| DR. JOHN SHEPHERD et al., | ) |
| | ) |
| | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge G. Patrick Murphy under 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a).  Pending before the Court is a Motion for Summary Judgment on the Issue of Exhaustion (Doc. 29); (Doc. 30) filed by Defendants Dr. Magid Fahim, Joann Moore, and Dr. John Shepherd.  Plaintiff Maurice Jackson filed no Response in Opposition to the Motion for Summary Judgment on the Issue of Exhaustion.  For the reasons stated below, it is **RECOMMENDED** that Defendant's Motion for Summary Judgment on the Issue of Exhaustion (Doc. 29) be **GRANTED**; that the Court **FIND** that Plaintiff did not exhaust administrative remedies prior to filing suit; that Defendants Dr. Magid Fahim, Joann Moore, and Dr. John Shepherd be **DISMISSED from this action with prejudice**; and that the Court adopt the following findings of fact and conclusions of law.

**PROCEDURAL HISTORY**

Plaintiff filed his initial complaint on March 14, 2012 (in case 3:12-cv-00233-MJR-SCW).  Count 8 of that complaint was severed into a separate action on August 27, 2012 (the

instant action 3:12-cv-00960-GPM-DGW). In the instant case, Plaintiff brings a deliberate indifference claim regarding his blood pressure medications against Defendants Dr. Magid Fahim, Joann Moore, and Dr. John Shepherd. (Docs. 1–2, 7).

## FINDINGS OF FACT

Defendant argues that based on a complete copy of the grievance file received from Menard Correctional Institution ("Menard"), the Administrative Review Board ("ARB"), and Plaintiff's CHAMPS summary that: "there is no grievance about a denial of blood pressure medication and there is no grievance anywhere in any of these documents that complains about any of these three defendants denying [Plaintiff] appropriate medical care, including but not limited to, his blood pressure medication. There is no indication that any such grievance(s) existed." (Doc. 30 at 3). Plaintiff, however, provided copies of grievances with his initial complaint. (Doc. 2-4 at 2–3). Only one of the grievances attached by Plaintiff relates to blood pressure medication and sufficiently describes Defendants Dr. Magid Fahim, Joann Moore, and Dr. John Shepherd. This grievance is dated March 1, 2012, which is approximately two weeks before plaintiff filed the instant lawsuit on March 14, 2012. In that grievance, Plaintiff claims that he kept this copy of the grievance because he feared that someone was tampering with his mail. Within this grievance he also states that he previously filed a grievance on February 6, 2012 related to blood pressure medication and naming Defendants Dr. Magid Fahim, Joann Moore, and Dr. John Shepherd.

## CONCLUSIONS OF LAW

### *Legal Standards*

Summary judgment is appropriate only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.

R. Civ. P. 56(c); *Arnett v. Webster*, 658 F.3d 742, 757 (7th Cir. 2011). A Court must construe all facts and reasonable inferences in the light most favorable to the non-moving party. *Arnett*, 658 F.3d at 757.

Under the Prison Litigation Reform Act ("PLRA") a prisoner cannot bring a claim under § 1983 until all available administrative remedies are exhausted. 42 U.S.C. § 1997e(a). Exhaustion of available administrative remedies is a precondition to suit. *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004). Defendants have the burden of proving the affirmative defense of failure to exhaust administrative remedies. *See Jones v. Bock*, 549 U.S. 199, 216 (2007); *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Exhaustion is satisfied when a prisoner properly uses all the steps that an agency holds out so as to give the agency the ability to address the issues on the merits. *See Woodford v. Ngo*, 548 U.S. 81, 84 (2006); *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). The purpose of exhaustion is to give prison officials an opportunity to address an inmate's claims administratively, prior to federal litigation. *See Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006).

The Illinois Administrative Code sets out the procedure for the filing of grievances by inmates. Ill. Admin. Code tit. 20 § 504.810 et seq. (2003). An inmate must first attempt to resolve the complaint informally through his counselor. Ill. Admin. Code tit. 20 § 504.810(a). If the complaint is not resolved, the inmate may file a grievance within sixty days after the discovery of the incident, occurrence, or problem that gives rise to the grievance. *Id.* The grievance officer is required to advise the Chief Administrative Officer ("CAO") at the facility in writing of the findings on the grievance. The CAO shall advise the inmate of the decision on the grievance within two months of it having been filed. Ill. Admin. Code tit. 20, § 504.830. An

inmate may appeal the decision of the CAO in writing to the Administrative Review Board within thirty days.  Ill. Admin. Code tit. 20, § 504.850; *see Dole*, 438 F.3d at 806–07.

"Because the prison employees bear the burden on exhaustion, they must do more than point to a lack of evidence in the record; rather they must 'establish affirmatively' that the evidence is so one-sided that no reasonable factfinder could find that [plaintiff] was prevented from exhausting his administrative remedies."  *Schaefer v. Bezy*, 336 Fed.Appx. 558, 560 (7th Cir. 2009).

An inmate is required to exhaust only those administrative remedies available to him. *See* 42 U.S.C. § 1997e(a).  Administrative remedies become "unavailable" when prison officials fail to respond to inmate grievances.  *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002). The availability of a remedy does not depend on the rules and regulations as they appear on paper, but on "whether the paper process was in reality open for the prisoner to pursue."  *Wilder v. Sutton*, 310 Fed.Appx. 10, 13 (7th Cir. 2009).  If further remedies are unavailable to the prisoner, he is deemed to have exhausted.  *Id.*  Prisoners are required only to provide notice to "responsible persons" about the complained-of conditions.  *Id.* at 15 (citing *Kaba*, 458 F.3d at 684).  An inmate forfeits the grievance process, however, when he causes the unavailability of a remedy by not filing or appealing a grievance.  *See Kaba*, 458 F.3d at 684.

*Discussion*

Plaintiff failed to successfully exhaust his administrative remedies in this case.  Although Plaintiff provides a copy of a grievance dated March 1, 2012, this was merely two weeks prior to the filing of the instant lawsuit.  The Court finds it unlikely that Plaintiff could have successfully completed the entire grievance process as to the March grievance in a two week period.  Plaintiff would be required to submit his grievance and wait for a response from a grievance counselor,

grievance officer, CAO, and finally the ARB. It is unrealistic to believe that this process could be completed in a two week period under normal circumstances. Furthermore, there is no record that the grievance was ever filed. The grievance itself bears no date stamp to show receipt by any prison official and Plaintiff received no responses to the March grievance.

Plaintiff states that he previously filed a similar grievance on February 6, 2012. Plaintiff claims that he makes copies of all of his grievances for his own records, but failed to keep a copy of this particular grievance. Again, there is no record of this grievance from the prison or the ARB. Finally, in the March grievance itself, Plaintiff admits that the February grievance did not name or describe Defendants Dr. Magid Fahim and Joann Moore. There is no evidence to support that this grievance was ever received or reviewed by a counselor, grievance officer, the CAO, or the ARB. Because Plaintiff does not provide sufficient evidence to support that he successfully availed himself of the prison grievance process prior to filing this lawsuit, Plaintiff has failed to exhausted his administrative remedies.

## CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that Defendant's Motion for Summary Judgment on the Issue of Exhaustion (Doc. 29) be **GRANTED**; that the Court **FIND** that Plaintiff did not exhaust administrative remedies prior to filing suit; that Defendants Dr. Magid Fahim, Joann Moore, and Dr. John Shepherd be **DISMISSED from this action with prejudice**; and that the Court adopt the foregoing findings of fact and conclusions of law.

**DATED:  April 30, 2013**

                                        **DONALD G. WILKERSON**
                                        **United States Magistrate Judge**