IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MAURICE JACKSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 12-960-GPM |
| | ) |
| DR. MAGID FAHIM, DR. JOHN SHEPERD, and JOANN MOORE, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 42), recommending this Court grant the motion for summary judgment filed by Defendants Dr. Magid Fahim, Dr. John Shepherd, and Joann Moore, and find Plaintiff failed to exhaust his administrative remedies prior to filing this 42 U.S.C. § 1983 suit. For the following reasons, the Court adopts Magistrate Judge Wilkerson's Report and Recommendation.

## BACKGROUND

Plaintiff Maurice Jackson is an inmate currently incarcerated at Menard Correctional Center ("Menard"). He filed the instant lawsuit claiming that Defendants failed to provide him with blood pressure medication (Doc. 1). Plaintiff's claims survived threshold review (Doc. 1), and Defendants subsequently moved for summary judgment (Doc. 29). Defendants argued that Plaintiff did not submit a grievance regarding any of the three Defendants denying him blood

pressure medication or any other type of medical care, and therefore Plaintiff failed to exhaust his administrative remedies before bringing suit (Doc. 29).

Upon consideration of Defendant's exhaustion argument, Judge Wilkerson held an evidentiary hearing on April 26, 2013 in accordance with *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008). Based on the evidence, Judge Wilkerson issued the Report and Recommendation currently before the Court. The Report and Recommendation was filed on April 30, 2013 (Doc. 42). Plaintiff filed his objections on May 6, 2013 (Doc. 45). Defendants did not file a response.

Since timely objections have been filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. §§ 636(b)(1)(B), (C), FED. R. CIV. P. 72(b); SDIL-LR 73(1)(b); *Harper v. City of Chicago Heights* 824 F. Supp. 786, 788 (N.D. Ill. 1993). In doing so, the Court "need not conduct a new hearing on the entire matter, but must give 'fresh consideration to those issues to which *specific* objections have been made.'" *Id.* (emphasis added) (citations omitted). The Court has the discretion to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## DISCUSSION

### A. Overview of the Exhaustion Requirement

Lawsuits filed by inmates are governed by the provisions of the Prisoner Litigation Reform Act ("PLRA"). That statute states, in pertinent part, that a prisoner cannot bring a claim under § 1983 until all available administrative remedies are exhausted. 42 U.S.C. § 1997e(a). "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2005).

The Seventh Circuit requires strict adherence to the PLRA's exhaustion requirement. *Doe v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

As an inmate confined with the Illinois Department of Corrections, Plaintiff was required to follow the regulations contained in the Illinois Administrative Code to properly exhaust his claims. Under the procedures set forth in the Illinois Administrative Code, an inmate must generally submit their grievances through a sequential process. The inmate must first attempt to resolve the complaint informally through his counselor. ILL. ADMIN. CODE tit. 20 § 504.810(a). If the complaint remains unresolved, the inmate must file a grievance. *Id.* The Chief Administrative Officer ("CAO") at the facility should advise the inmate of the decision on the grievance within two months of it having been filed. ILL. ADMIN. CODE tit. 20, § 504.830. If the inmate receives an adverse decision, they must then file an appeal with the Director of the IDOC, by way of the Administrative Review Board ("ARB"). *See* ILL. ADMIN. CODE tit. 20, §§ 504.810, 504.830, 504.850; *see also Dole v. Chandler,* 438 F.3d 804, 806–07 (7th Cir. 2006). After receiving the appeal, the Director has 6 months to issue a decision. ILL. ADMIN. CODE tit. 20, § 504.850(f).

## B. Plaintiff's Objection to the Report and Recommendation

In his Report and Recommendation, Judge Wilkerson found that Plaintiff submitted one grievance, dated March 1, 2012, concerning the denial of blood pressure medication (Doc. 42). Plaintiff filed the instant lawsuit a mere two weeks later on March 14, 2012 (Doc. 2). Judge Wilkerson concluded that it was "unlikely" that Plaintiff could have completed the entire grievance process in a two week period (Doc. 42). Accordingly, Judge Wilkerson recommended granting Defendants motion for summary judgment and dismissing the case (Doc. 42).

Plaintiff objected to the Report and Recommendation arguing that it was not unrealistic that he could have completed the grievance process in two weeks (Doc. 43). Plaintiff stated that

Menard does not have a specific rule regarding the timeframe the prison had to respond to a grievance (Doc. 43). Plaintiff further stated that "ordinarily a counselor or grievance officer only have [sic] two weeks to respond to a grievance" and "on a good [illegible word] week, 3 days after a person has filed a grievance, it has been responded to" (Doc. 2). Plaintiff maintains that his grievance was not responded to and that it was destroyed (Doc. 43).

    The Court finds Plaintiff's objection unavailing. Under the Illinois Administrative Code, the prison should respond to inmate grievances within two months. However, here, Plaintiff gave the prison only two weeks. Therefore, Plaintiff's argument that the prison did not respond to his grievance is fruitless because it is clear that he did not allow the response time to run. In turn, because Plaintiff did not allow the prison ample time to respond, he did not complete the grievance procedure and did not exhaust his administrative remedies. *Walker v. Thomas*, Case NO. 12-1859-JFA-BM, 2013 WL 2422919, at *3–4 (D.S.C. June 4, 2013) (holding that when prisoner files a grievance but fails to give prison officials adequate time to investigate and respond to the grievance before filing a complaint, the prisoner has failed to exhaust available administrative remedies); *Baker v. Gonzalez*, Case No. 05-181-HRW, 2006 WL 335579, at *2 (E.D. Ky. Feb. 7, 2006) (same); *Graham v. Perez,* 121 F.Supp.2d 317, 322 (S.D.N.Y. 2000); *Jenkins v. Walen,* Case No. No. 96 C 8310, 1997 WL 7570, at *1 (N.D. Ill. Jan. 3, 1997); *Martin v. Eneix,* Case No. 97 C 578, 1997 WL 55961, at *2 (N.D. Ill. Feb. 3, 1997).

    Plaintiff also sought to explain why he did not keep a copy of the grievance that he contends he submitted on February 6, 2012 (Doc. 43). However, the fact that he could not provide proof of the grievance is not important in light of his admission at the *Pavey* hearing, which he repeated in his objection to the Report and Recommendation, that he did not name or

describe Defendants Moor and Fahim in that grievance (*See* Doc. 42). An inmate cannot maintain a federal suit under § 1983 against prison officials not named in his prison grievance. *See* ILL. ADMIN. CODE tit. 20 § 504.810(b) (requiring that grievances filed by inmates name, or at least describe, "each person who is the subject of or who is otherwise involved in the complaint.") Put differently, even if Plaintiff could prove he submitted the grievance on February 6, 2012, he still did not exhaust his administrative remedies with respect to Defendants because he did not name them in the grievance. *Ambrose v. Godinez*, 510 Fed.Appx. 470, 472 (7th Cir. 2013) (affirming the dismissal of prison officials where the plaintiff's grievance failed to mention the officials by name or otherwise implicate them in the alleged constitutional violation).

## CONCLUSION

For the reasons set forth above, Plaintiff's objection to the Report and Recommendation is **OVERRULED**. The Report and Recommendation of Magistrate Judge Wilkerson (Doc. 42) is **ADOPTED** in full. Defendants Dr. Magid Fahim, Dr. John Shepherd, and Joann Moore's motion for summary judgment (Doc. 29) is **GRANTED.** All Defendants are **DISMISSED with prejudice** from this action. The Clerk of the Court is **DIRECTED** to enter judgment and close this case on the Court's docket.

**IT IS SO ORDERED.**

DATED: July 16, 2013

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge